UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNA MELIS, | **Case No.** 1:25-cv-03991 |
| Plaintiff, | |
| v. | **Judge:** Hon. John J. Tharp, Jr. |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | **Magistrate Judge:** Hon. Heather K. McShain. |
| Defendants. | |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S
### MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION

Without waving their jurisdictional defenses under Rule 12(b), thirteen Defendants CHUONI Co. Ltd (Def. No. 130), PINGXIAO Co.Ltd (Def. No. 131), WEIRUN Co.Ltd (Def. No. 132), YUNJIN Co.Ltd (Def. No. 133), QIANSHAN Co.Ltd (Def. No. 134), HENGPING Co. Ltd (Def. No. 135), LINGYANG Co.Ltd (Def. No. 137), LONGSHI Co.Ltd (Def. No. 138), LIQUAN Co.Ltd (Def. No. 139), QUANLONG Co.Ltd (Def. No. 141), SHUNDONG Co.Ltd (Def. No. 142), ZUOYU Co.Ltd (Def. No. 143), FANGLIU Co. Ltd (Def. No. 144) (collectively "Defendants"), respectfully submit their Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction. [Dkt. No. 27].

1

## **INTRODUCTION**

Contrary to Plaintiff's claim, a preliminary injunction against Defendants is neither necessary nor appropriate in the present case.

***First***, the record shows that Plaintiff delayed nearly five months after collecting evidence of alleged infringement, and before seeking a temporary restraining order — an unjustified lapse of time that belies any claim of immediate, irreparable harm.

Moreover, about half of Defendants' Walmart seller accounts were already terminated prior to Plaintiff's filing for injunctive relief, eliminating any possibility that those Defendants could continue the alleged infringement. For all Defendants, the specific Accused Product listings have been removed or discontinued, further negating the premise of any ongoing harm.

Further, Defendants were merely "piggyback sellers" under existing Walmart listings. They neither created nor edited the now-removed product listings. Defendants also agreed not to offer, list, or sell any allegedly infringing, further negating any claim of irreparable harm.

***Second***, compounding these factors is that each Defendant had minimal or zero revenue from sales of the Accused Products, yet Plaintiff seeks to freeze the entirety of Defendants' funds. The well-settled precedent in this District and by the Supreme Court dictates that prejudgment asset freezes should be limited to the amount necessary to protect a genuine claim for equitable monetary relief. Here, any equitable accounting would be close to negligible or zero. Defendants have thus far been effectively barred from accessing their business revenues, even though no connection exists between the restrained funds and the alleged infringement.

For these reasons, and as set forth more fully below, Defendants respectfully request that the Court deny Plaintiff's Motion for Entry of a Preliminary Injunction. Additionally, Defendants affirm they will not offer the Accused Products for sales.

## PROCEDURAL BACKGROUND

On April 14, 2025, Plaintiff filed its Complaint against numerous defendants, including Defendants, for copyright infringement. [Dkt. No. 1].

On April 23, 2025, Plaintiff filed an *ex parte* Motion for entry of a temporary restraining order, including a temporary injunction, a temporary asset restraint, expedited discovery, and Service of Process by email and electronic publication. [Dkt. No. 17, 18]. The Court granted the motion on April 25, 2025. [Dkt. No. 22].

On May 5, 2025, Plaintiff filed a Motion for entry of a preliminary injunction order. [Dkt. No. 27]. Per Court's directory in Order issued on May 6, 2025, [Dkt. No. 30], Defendants jointly submit this Opposition to Plaintiff's Motion for entry of a preliminary injunction order.

## LEGAL STANDARDS

A preliminary injunction is an extraordinary and drastic remedy that "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997).

"The party seeking such relief must show: (1) it has some likelihood of success on the merits; (2) there is no adequate remedy at law; and (3) it will suffer irreparable harm if the court denies relief." *JH v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 24 C 7758, 2025 U.S. Dist. LEXIS 83662, at *12 (N.D. Ill. Apr. 29, 2025) (citing *GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 364 (7th Cir. 2019)). "The two most important considerations are likelihood of success on the merits and irreparable harm." *Bevis v. City of Naperville*, 85 F.4th 1175, 1188 (7th Cir. 2023).

**ARGUMENT**

**A. Plaintiff's prolonged delay in seeking injunctive relief and the termination of Defendant's Walmart seller accounts demonstrate a lack of irreparable harm**

The Supreme Court has made clear that "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "A plaintiff's delay in bringing suit undercuts its claim of irreparable harm." *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 49 F.3d 1551, 1557 (Fed. Cir. 1995).

The Seventh Circuit recognizes that Plaintiff's delay, when coupled with speculative harm, weighs heavily against the entry of injunctive relief. *See Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 903 (7th Cir. 2001) (noting that delay in seeking injunctive relief weakens claims of irreparable harm); *see also Collectanea J. Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 24 C 3821, 2024 U.S. Dist. LEXIS 195756, *21 (N.D. Ill. Oct. 29, 2024) (citing *Michigan v. U.S. Army Corps of Eng'rs*, 667 F.3d 765, 788 (7th Cir. 2011)) (the "irreparable harm [inquiry] takes into account how urgent the need for equitable relief really is."); *Ixmation, Inc. v. Switch Bulb Co.*, No. 14 C 6993, 2014 U.S. Dist. LEXIS 150787, 2014 WL 5420273, at *7-8 (N.D. Ill. Oct. 23, 2014) (*four-and-a-half month delay* precluded finding of irreparable harm); *Silber v. Barbara's Bakery, Inc.*, 950 F. Supp. 2d 432, 441 (E.D.N.Y. 2013) (*five-month delay* in seeking preliminary injunction after filing suit indicated that the plaintiff faced no threat of irreparable harm because it "undermine[d] the sense of urgency that typically accompanies a motion for preliminary injunction"); *Playboy Enters. Inc. v. Netscape Commc'n.s Corp.*, 55 F. Supp. 2d 1070, 1090 (C.D. Cal. 1999) (finding that a *five-month delay* in seeking injunctive relief demonstrated a lack of irreparable harm).

***First***, the screenshots evidence purporting to show Defendants' alleged infringement was all taken on November 28, 2024 (*See* **Exhibit 1**), yet Plaintiff did not seek injunctive relief until nearly five months later, on April 23, 2025 [Dkt. No. 17]. This unexplained and substantial delay in time forecloses any claim of genuine "irreparability" or urgent need.

Further, given that Plaintiff filed nine other <u>Melis v. The Partnerships and Unincorporated Associations</u> actions between January 2025 and prior to filing this action, each enforcing at least one of the same two copyrights at issue here — VA 2-403-958 and VA 2-403-828 — yet Plaintiff did not include these Defendants in any of those proceedings. (*See* table below and **Exhibit 2**). This omission further undercuts any claim of urgency or irreparable harm.

| Date Filed | ILND Case # | Copyrights at issue |
|---|---|---|
| 01/15/2025 | 1:2025-cv-00436 | VA 2-403-958 |
| 01/15/2025 | 1:2025-cv-00437 | VA 2-403-958 |
| 01/16/2025 | 1:2025-cv-00511 | VA 2-403-958 & VA 2-403-828 |
| 01/16/2025 | 1:2025-cv-00515 | VA 2-403-828 |
| 02/05/2025 | 1:2025-cv-01248 | VA 2-403-828 |
| 02/06/2025 | 1:2025-cv-01295 | VA 2-403-958 |
| 02/06/2025 | 1:2025-cv-01311 | VA 2-403-828 |
| 04/14/2025 | 1:2025-cv-03826 | VA 2-403-958 |
| 04/14/2025 | 1:2025-cv-03987 | VA 2-403-958 |

***Second***, "as a general rule, a defendant's ability to compensate plaintiff in money damages precludes issuance of a preliminary injunction." *Equip. Leasing Grp. of Am., LLC v. Pure Midstream, LLC*, No. 1:23-cv-16099, 2024 U.S. Dist. LEXIS 183151, *18 (N.D. Ill. Oct. 7, 2024) (citing *Signode Corp. v. Weld-Loc Systems, Inc.*, 700 F.2d 1108, 1111 (7th Cir.1983)). When "there is no threat of ongoing harm from Defendants," the relief sought is monetary, rather than injunctive. *Phillips v. Ellis*, No. 2:24-cv-00235-JRS-MKK, 2024 U.S. Dist. LEXIS 223951, *3 (S.D. Ind. Dec. 11, 2024).

Here, six of the thirteen Defendants' Walmart seller accounts were terminated before Plaintiff sought its Motion for Entry of a Preliminary Injunction on May 5, 2025. (*See* table below and Declarations in Support of Defendants' Opposition, attached hereto as **Exhibit 3** to **Exhibit 8**). As a result, there is no continuing business operation by these Defendants, and thus no continuing harm that requires an injunction.

| Defendants | Terminated on |
|---|---|
| FANGLIU Co.Ltd   (terminated) | April 10, 2025, Ex. 3, attach 3 |
| HENGPING Co.Ltd   (terminated) | April 16, 2025, Ex. 4, attach 3 |
| LIQUAN Co.Ltd   (terminated) | March 6, 2025, Ex. 5, attach 3 |
| LINGYANG Co.Ltd   (terminated) | March 31, 2025, Ex. 6, attach 3 |
| LONGSHI Co.Ltd   (terminated) | May 1, 2025, Ex. 7, attach 3 |
| ZUOYU Co.Ltd   (terminated) | April 11, 2025, Ex. 8, attach 3 |

Further, the specific Walmart product listings have been removed or discontinued. All thirteen Defendants, who were "piggyback sellers" offering products under existing Walmart product listings, did not create or edit the now-removed listings to include Plaintiff's artworks, and therefore cannot continue to offer any allegedly infringing products.

Therefore, with no credible threat of ongoing or future infringement, a preliminary injunction is neither necessary nor appropriate. This conclusion is further underscored by Plaintiff's protracted delay in moving for injunctive relief after it first obtained evidence of the alleged infringement.

In short, nearly half of the Defendants no longer have operational Walmart seller accounts, and all of the relevant listings have been taken down or discontinued — making it impossible for these Defendants to continue any infringing activity. Because Plaintiff fails to demonstrate any ongoing or imminent harm, it does meet its burden for extraordinary relief, and its request for a preliminary injunction should therefore be denied.

### B. The Asset Restrained Amount Far Exceeds Any Profits Potentially Subject to Equitable Relief

The Supreme Court has made clear that courts lack the power to issue an asset freeze at the beginning of a case, unless that party is seeking *equitable monetary relief*. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999).

"[T]he appropriate scope of prejudgment restraint must be limited only to what is reasonably necessary to secure the (future) *equitable relief*." *Roadget Bus. Pte. Ltd. v. Individuals, Corp., LLC*, 735 F. Supp. 3d 981, 983 (N.D. Ill. 2024) (quoting *Deckers Outdoor Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 13-cv-07621, 2013 U.S. Dist. LEXIS 205985, at *2 (N.D. Ill. Oct. 31, 2013)). Thus, "if the amount of the profits is known, then the asset freeze should apply only to that specific amount, and no more." *Id*.

"Schedule A plaintiffs typically don't request and receive equitable monetary relief," and "Schedule A plaintiffs ask district courts to unfreeze the [restrained] money and award statutory damages, not equitable relief." *Zorro Prods., Inc. v. Individuals*, No. 23-cv-5761, 2023 U.S. Dist. LEXIS 226550, at *10 (N.D. Ill. Dec. 20, 2023).

Here, most Defendants made zero sales of the Accused Products. *See* Declarations in Support of Defendants' Opposition, **Exhibit 3** to **Exhibit 15**. Even for the few who recorded single-digit sales, the profits made from the Accused Products are *de minimis*. By contrast, Plaintiff has demanded an asset freeze that restrains all funds in Defendants' accounts, despite no showing that such a sweeping freeze is necessary to secure the limited equitable remedy Plaintiff purports to seek under 17 U.S.C. § 504(b) [Dkt. No. p.15]. This overreach runs counter to well-established precedent limiting prejudgment restraints to amounts reasonably necessary to cover potential equitable relief.

7

| Defendants | Units Sold | Revenue | Amount Frozen |
|---|---|---|---|
| FANGLIU Co.Ltd (terminated) | 0 | 0 | $62,351.66 |
| HENGPING Co.Ltd (terminated) | 0 | 0 | $24,194.19 |
| LIQUAN Co.Ltd (terminated) | 0 | 0 | $47,127.62 |
| LINGYANG Co.Ltd (terminated) | 0 | 0 | $88,282.41 |
| LONGSHI Co.Ltd (terminated) | 0 | 0 | $74,141.37 |
| ZUOYU Co.Ltd (terminated) | 1 | $13.31 | $76,844.14 |
| PINGXIAO Co.Ltd | 0 | 0 | $32,667.46 |
| SHUNDONG Co.Ltd | 0 | 0 | $40,032.47 |
| YUNJIN Co.Ltd | 0 | 0 | $21,682.41 |
| QIANSHAN Co.Ltd | 1 | $7.29 | $29,493.13 |
| CHUONI Co.Ltd | 2 | $15.11 | $96,485.72 |
| WEIRUN Co.Ltd | 2 | $15.54 | $93,935.02 |
| QUANLONG Co.Ltd | 5 | $36.02 | $4,138.22 |

Since Defendants' profits from the alleged infringement are nonexistent or minimal, restraining significantly greater amounts is disproportionate and imposes an unfair burden on Defendants. The practical effect of Plaintiff's request is a *de facto* seizure of Defendants' entire business revenues —even though most of these funds have no nexus to the alleged infringement.

Defendants acknowledge that their searches were conducted based on the specific evidence Plaintiff provided in Exhibit 1. Should Plaintiff allege that Defendants sold other infringing products not currently identified in Exhibit 1, Defendants would undertake an additional search to determine whether any such sales exist. At this time, however, Defendants have not identified any additional potentially infringing products, other than the ones already disclosed in Exhibit 1.

Under these circumstances, no basis exists for freezing amounts that far exceed any plausible equitable accounting of profit. Should the Court opt to maintain any asset restraint, the amount should be narrowly tailored to the specific, demonstrated amount of profit, if any, tied to the infringing sales. Anything beyond that would be unwarranted.

8

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for Entry of a Preliminary Injunction, and specifically the assert restraint.

Defendants affirm that they will not sell or otherwise offer any of the products alleged by Plaintiff to be infringing during the pendency of this litigation. Accordingly, there is no threat of ongoing or imminent harm justifying injunctive relief, and the requested extraordinary relief should be denied.

May 12, 2025,  Respectfully submitted,
/s/ He Cheng
He Cheng
Palmer Law Group P.A.
401 E Las Olas Blvd, Suite 1400
Fort Lauderdale, FL 33301
www.palmerlawgroup.com
Tel: +1 (917) 525-1495
Attorney for Defendants